UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RONALD A. NIMKOFF,

                                    Plaintiff,                              REPORT AND
                                                                           RECOMMENDATION

            -against-                                                      17-cv-4458 (PKC)

GARTH H. DRABINSKY and MYRON I.
GOTTLIEB,

                                    Defendants.
-------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

        On November 29, 2021, defendant Garth H. Drabinsky ("Drabinsky") filed a motion

for default judgment on his cross-claim against co-defendant Myron I. Gottlieb ("Gottlieb"), in

connection with the claims of plaintiff Ronald A. Nimkoff ("plaintiff" or "Nimkoff") that the

two defendants failed to make payments due and owing under two promissory notes.  See

Motion for Default Judgment (Nov. 29, 2021), Electronic Case Filing Docket Entry ("DE")

#119.  The Honorable Pamela K. Chen, the District Judge to whom this case is assigned,

referred the motion to the undersigned magistrate judge to report and recommend.  See Order

Referring Motion (Dec. 7, 2021).  For the reasons set forth below, this Court recommends

that Drabinsky's motion for a default judgment be granted.

## BACKGROUND

        The facts set forth below are primarily drawn from Judge Chen's Memorandum and

Order granting summary judgment in favor of plaintiff against Drabinsky.  See Memorandum

& Order (Sept. 30, 2021) ("9/30/21 M&O"), DE #118.

By a retainer agreement dated August 16, 2001 (the "2001 Retainer Agreement"), Drabinsky and Gottlieb retained plaintiff's law firm to defend them in several securities class actions pending in the United States District Court for the Southern District of New York. See 9/30/21 M&O at 2; 2001 Retainer Agreement, DE #112-6.   Both Drabinsky and Gottlieb signed the 2001 Retainer Agreement, which states that "each of you agrees to be jointly and severally liable for the costs accrued for services and expenses under the terms of this agreement."   Retainer Agreement at ECF pp. 2-3; see 9/30/21 M&O at 2.   Drabinsky and Gottlieb also executed a second retainer agreement dated June 2, 2005, in connection with an action brought against them by the U.S. Securities and Exchange Commission.   See 9/30/21 M&O at 3; 2005 Retainer Agreement, DE #112-10.   Plaintiff's law firm represented Drabinsky and Gottlieb in that litigation for several years.   See 9/30/21 M&O at 3.

On September 12, 2005, after Drabinsky and Gottlieb accrued unpaid legal fees owed to plaintiff's law firm, the two executed a promissory note, dated August 31, 2005, promising to pay $193,079.91 with no interest, and agreeing that they would be "jointly and severally liable" for that obligation.   See 9/30/21 M&O at 3; August 31, 2005 Promissory Note, DE #112-12.   By letter dated March 16, 2007, Gottlieb and Drabinsky acknowledged that each of them was "jointly and severally responsible" for an outstanding debt to plaintiff's law firm in the amount of $211,566.52.   See 9/30/21 M&O at 3; March 16, 2007 Letter, DE #112-13. In a signed memorandum dated July 18, 2007, each of them re-acknowledged their obligation of $211,566.52 and agreed to a schedule to repay that obligation over a period of 30 months. See 9/30/21 M&O at 3; July 18, 2007 Memorandum, DE #112-14.

On October 8, 2009, Drabinsky and Gottlieb executed yet another promissory note, promising to pay, upon demand, $185,969.45 to plaintiff's firm, "together with interest at the rate of twelve percent (12%) per annum (one percent (1%) per month), compounded monthly." See 9/30/21 M&O at 4; October 8, 2009 Promissory Note ("2009 Note") at ECF p. 1, DE #112-15.   The note provided that, in the event of default, the holder could "proceed immediately against [Drabinsky and Gottlieb], jointly and severally, for the full amount due (including interest), as well as for the holder's costs and attorneys' fees incurred in doing so." See 9/30/21 M&O at 4; 2009 Note at ECF p. 1.

Approximately six years later, in September 2015, the two defendants executed another promissory note, through which they acknowledged that they were jointly and severally indebted to plaintiff, as successor in interest to plaintiff's law firm, in the amount of $376,928.65, plus interest to retroactively accrue beginning on August 26, 2015, at the rate of 12 percent per annum, compounded monthly.   See 9/30/21 M&O at 11-12; September 2015 Promissory Note ("2015 Note"), DE #1-4.[1]   The 2015 Note provides that payment must be made "immediately" upon Nimkoff's "demand for such payment [from each defendant] via email[,]" at the email addresses listed in the 2015 Note.   See 9/30/21 M&O at 12; 2015 Note at ECF pp. 2, 4.   On August 1, 2016, plaintiff sent an email to Drabinsky and Gottlieb demanding full payment of the 2015 Note.   See 9/30/21 M&O at 12; August 1, 2016 Demand, DE #112-25.   Plaintiff never received any payments from either Drabinsky or Gottlieb.   See

---

[1] Attached to the Complaint are two substantially identical copies of the 2015 Note, separately executed by Gottlieb and Drabinsky.   See DE 1-4 at ECF pp. 2-3 (Drabinsky); id. at ECF pp. 4-5 (Gottlieb).   For purposes of this opinion, the Court refers to the separately executed promissory notes as the 2015 Note.

9/30/21 M&O at 12.

## PROCEDURAL HISTORY

On July 28, 2017, plaintiff commenced this action against Drabinsky and Gottlieb, alleging that they had breached the 2015 Note and demanding judgment against them, jointly and severally, in the principal amount of $376,928.65, plus attorney's fees and costs incurred. See Complaint (July 28, 2017), DE #1.

On February 4, 2019, Drabinsky answered the Complaint and interposed a cross-claim against Gottlieb for "contribution or indemnification." Answer (Feb. 4, 2019), DE #34. Drabinsky's cross-claim alleges that: "In the event that Mr. Drabinsky is found liable to Mr. Nimkoff, such liability was proximately caused by, otherwise contributed to by, Cross-Claim Defendant, and Mr. Drabinsky is entitled to contribution or indemnification from Cross-Claim Defendant." Answer ¶ 26. On May 8, 2019, Gottlieb was served with the cross-claim in Canada, pursuant to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. See Certificate of Service (May 31, 2019), DE #39; Summons Returned Executed (June 19, 2019), DE # 42. On August 16, 2019, Drabinsky requested a certificate of default against Gottlieb, see Request for Certificate of Default (Aug. 16, 2019), DE #45, and, on August 26, 2019, the Clerk entered a notation of Gottlieb's default with respect to the cross-claim, see Clerk's Entry of Default (Aug. 26, 2019), DE #47.

On October 4, 2019, plaintiff moved for default judgment against Gottlieb. See Motion for Default Judgment (Oct. 4, 2019), DE #55. The undersigned magistrate judge thereafter issued a report and recommendation that plaintiff's motion for a default judgment against Gottlieb be granted in substantial part, in the amount of $376,928.65 in unpaid

4

principal, plus interest, due under the 2015 Note.  See Nimkoff v. Drabinsky, 2020 WL 3806146 (E.D.N.Y. June 9, 2020).  On July 7, 2020, Judge Chen adopted that report and recommendation and directed entry of judgment in favor of plaintiff and against Gottlieb in the amount of $376,928.65 in unpaid principal, plus interest on this sum, calculated at 12 percent per annum from August 26, 2015, compounded monthly, amounting to $283,349.40; attorneys' fees totaling $5,253; and costs of $200.  See id., 2020 WL 3804458 (E.D.N.Y. July 7, 2020); Default Judgment (July 7, 2020), DE #104 (calculating interest in the amount of $283,349.40).

On or about December 18, 2020, plaintiff moved for partial summary judgment against Drabinsky, in the principal amount of $376,928.65, plus interest, due under the 2015 Note. See Motion for Partial Summary Judgment (Dec. 18, 2020), DE #112.  Drabinsky opposed the motion and requested default judgment on his cross-claim against Gottlieb, or leave to file a motion for default judgment, in the event summary judgment against him was granted.  See Memorandum in Opposition (Dec. 18, 2020) at 3 n.2, DE #114.  On September 30, 2021, the District Court granted partial summary judgment in favor of plaintiff against Drabinsky and granted Drabinsky leave to move for default judgment on his cross-claim against Gottlieb. See 9/30/21 M&O at 26.

Drabinsky now seeks default judgment against Gottlieb on his cross-claim, in an amount equal to one-half of all payments made by or on behalf of Drabinsky in full or partial satisfaction of the judgment entered in this action in favor of plaintiff against Drabinsky, plus interest and costs.  See Proposed Default Judgment, DE #119-8.

## DISCUSSION

### I.    Service of Process

Where the defendant has defaulted, the plaintiff must establish adequate service in order

to obtain a default judgment.   See Chen v. Best Miyako Sushi Corp., 16-CV-2012 (JGK)

(BCM), 2021 WL 707273, at *8 (S.D.N.Y. Feb. 1, 2021), adopted, 2021 WL 706412

(S.D.N.Y. Feb. 19, 2021); Miranda v. Astoria Provisions, LLC, 19-CV-02923 (EK) (PK),

2020 WL 6370058, at *3 (E.D.N.Y. July 24, 2020), adopted, 2020 WL 5810160 (E.D.N.Y.

Sept. 30, 2020); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137

(2d Cir. 2011) ("Before a court grants a motion for default judgment, it may first assure itself

that it has personal jurisdiction over the defendant.") (internal quotation marks, brackets, and

citation omitted).   Drabinsky served Gottlieb with his Answer and Cross-Claim, along with

the summons and Complaint, pursuant to the Hague Convention on Service Abroad of Judicial

and Extrajudicial Documents.   See 2020 WL 3806146, at *3.   This Court has previously

found that Gottlieb was properly served.   See id.

### II.    Liability

After the Clerk of the Court enters a Certificate of Default, the District Court may, on

a plaintiff's application, enter a default judgment if a defendant "has failed to plead or

otherwise defend" an action.   See Fed R. Civ. P. 55(a), (b); see also S.D.N.Y./E.D.N.Y.

Local Civ. R. 55.2(b).

As a preliminary matter, a party may bring a "contingent" contribution claim where

another party "'may be' liable to the defendant for a share of the plaintiff's primary

judgment."   Andrulonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994) (citing Fed. R.

Civ. P. 14(a)); Philadelphia Indem. Ins. Co. v. Enter. Builders, Inc., 520 F.Supp.3d 156, 162-64 (D. Conn. 2021) (rejecting argument that cross-claim for contribution is premature prior to the determination of the cross-claimant's proportionate share of damages and payment in excess therof).   Accordingly, Drabinsky may obtain a conditional judgment for contribution even though he has yet to pay any portion of the judgment against him.   See Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 440 (2d Cir. 2000) (recognizing that indemnitee "could have sought a conditional judgment" on indemnification claim); Gomez v. Preferred Rentals, No. 96 Civ. 2725(LAP), 1997 WL 749389, at *8-9 (S.D.N.Y. Dec. 3, 1997); Degennaro v. Fid. & Deposit Co. of Maryland, Civ. No. 89–2078, 1989 WL 150570, at *4 (E.D.N.Y. Dec. 4, 1989) ("[A]n indemnitee need not first pay on a claim before seeking judgment against indemnitors; he may seek a conditional judgment establishing the potential liability of his indemnitor until payment is actually made on the principal claim[.]"). Nevertheless, as discussed below, the right to contribution does not arise in favor of a party "unless and until the [party] pays the plaintiff an amount exceeding its equitable share of the primary judgment."   Andrulonis, 26 F.3d at 1233 (citing Klinger v. Dudley, 41 N.Y.2d 362, 369 (1977)).

The parties to a promissory note are jointly and severally liable for the outstanding debt, such that each is liable for the entire amount.   See Cadle Co. v. Livingston, No. 13-CV-3799 (MKB)(JMA), 2014 WL 1874857, at *2 (E.D.N.Y. Jan. 15, 2014), adopted as modified on other grounds, 2014 WL 1874872 (E.D.N.Y. May 9, 2014); Welch v. Campbell, 102 N.Y.S.2d 51, 52 (3d Dep't 1951); Bronner v. Walrath, 202 N.Y.S. 577, 578 (4th Dep't 1924).   Here, the 2015 Note specifically provided that Drabinsky and Gottlieb were jointly

and severally indebted to Nimkoff.   See 2015 Note at ECF pp. 2, 4.   Accordingly, Drabinsky

and Gottlieb have each been found liable to plaintiff for failure to pay the 2015 Note in the

principal amount of $376,928.65, plus interest.   See Default Judgment; 9/30/21 M&O.

Under the common law of contribution, and equitable principles, a joint and several

maker of a note may be entitled to contribution from the other makers.   See Bronner, 202

N.Y.S. at 578; Owens v. Blackburn, 146 N.Y.S. 966, 968 (1st Dep't 1914); Beneficial Fin.

Co. of New York, Inc. v. Husner, 369 N.Y.S.2d 975, 978 (Sup. Ct. 1975).   Where there are

joint makers and one maker pays more than his proportionate share of the joint debt, that

maker "is entitled to obtain payment from his co-obligor for his equal share of the joint debt."

Weiss v. Hirsch, 267 F.App'x 768, 770 (10th Cir. 2008) (applying New York law); see

Boccia v. Murphy, 770 N.Y.S.2d 592, 595 (Sup. Ct. 2003) ("a party who is compelled to pay

more than his aliquot share of an obligation upon which several persons are equally liable is

entitled to contribution from the others to obtain from them payment of their respective

shares"); Slutsky v. Leftt, 609 N.Y.S.2d 528, 529-30 (Civil Ct. 1993).   Generally, there is a

presumption that "each co-obligor is equally liable to each other[.]"   See CDS Cap., LLC v.

Young, 811 N.Y.S.2d 119, 122 (2d Dep't 2006); Boccia, 770 N.Y.S.2d at 595; Slutsky, 609

N.Y.S.2d at 530.   Thus, one of two co-makers cannot recover from the other co-maker unless

the former has paid more than his half of the money due and owing under a note.   See Weiss,

267 F.App'x at 770; Morgan v. Smith, 70 N.Y. 537, 541-42 (1877).

In the absence of any argument to the contrary, the Court concludes that Drabinsky and

Gottlieb are equally responsible for the amount outstanding on the note.   Accordingly,

Gottlieb is liable on the cross-claim for contribution to the extent that Drabinsky pays more

than his equitable share (i.e., one-half) of the judgment entered against him.    Therefore, this

Court respectfully recommends that default judgment be entered against Gottlieb on

Drabinsky's cross-claim for contribution.

### III.    Relief

#### A.    Conditional Judgment

Notwithstanding the above, the relief sought by Drabinsky on this default judgment

exceeds that which the law permits.    In the *ad damnum* clause of his cross-claim, Drabinsky

demands "judgment on Mr. Drabinsky's cross-claim holding Mr. Gottlieb liable to Mr.

Drabinsky for such amount(s) that Mr. Drabinsky is held liable to the plaintiff."    Answer at 5.

In his proposed default judgment, Drabinsky seeks contribution for one-half of *any payments*

Drabinsky makes in satisfaction of the judgment entered against him.    See Proposed Judgment.

Drabinsky is entitled to neither of those remedies.    Drabinsky's contribution claim is

contingent.    At the time the cross-claim was interposed, Drabinsky's liability was unknown.

Even now, the extent of Gottlieb's liability on the cross-claim cannot be fixed before

Drabinsky has made any payment towards the judgment entered against him.    The right to

contribution does not arise unless and until the co-obligor (here, Drabinsky) pays more than his

equitable share (here, one-half) of the judgment.    See Andrulonis, 26 F.3d at 1233, 1234

(citing Klinger, 41 N.Y.2d at 369).    Accordingly, any judgment entered herein must provide

that payment by Gottlieb to Drabinsky is conditioned upon payment by Drabinsky to plaintiff

in an amount that exceeds half of the judgment.    See Andrulonis, 26 F.3d at 1234; Dennler v.

Dodge Transfer Corp., 201 F.Supp. 431, 439-40 (D. Conn. 1962) ("a cross-claimant cannot

obtain a money judgment against his co-defendant for contribution until he has paid more than

his pro-rata share of any judgment obtained by the plaintiff and to do otherwise would be an attempt to enlarge the substantive rights of contribution"); 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure Civ. § 1451 (3d ed. 2021) ("the court may grant a conditional judgment against the third-party defendant that does not become enforceable until the third-party plaintiff satisfies the original judgment").

### B.     Costs

Drabinsky also seeks to recover attorney's docket fees in the amount of $20.00 and fees for service of process of the cross-claim.  See Pl. Mem. at 5.   Generally, Rule 54(d) of the Federal Rules of Civil Procedure allows the district court to award the prevailing party its costs.   The taxation of docket fees is expressly authorized by 28 U.S.C. § 1920(5).  See Malloy v. City of New York, No. 98-CV-5823 (JG), 2000 WL 863464, at *2 (E.D.N.Y. June 23, 2000).   Nevertheless, here, as in Stewart v. Austin, "this Court is confused as to why [Drabinsky, a defendant,] would have incurred any docket fees in this case."   Stewart v. Austin, No. 9:97-CV-908, 2001 WL 1708791, at *3 (N.D.N.Y. Dec. 14, 2001) (citing Frahm v. The Equitable Life Assurance Soc'y of the United States, No. 93 C 0081, 2000 WL 988526, *2 (N.D. Ill. July 18, 2000)).   "Therefore, absent any documentary proof that [Drabinsky] paid such fees, the Court [should] disallow[]" Drabinsky's request for attorney's docket fees.  Id.

In contrast, Drabinsky has provided documentation substantiating his expenditure of $74.54 for service of process on Gottlieb.  See Declaration of Jordan Greenberger ¶ 14, DE #119-2 & Ex. 7, DE #119-9.   Although section 1920 does not expressly provide for the shifting of process server fees, Local Civil Rule 54.1(c)(10) specifically lists process server

fees as recoverable.   See S.D.N.Y./E.D.N.Y. Local Civ. R. 54.1(c)(10); Berdini v. Nova

Sec. Grp., No. 13 CV 5672(FB), 2015 WL 5540735, at *10 (E.D.N.Y. Sept. 2, 2015),

adopted, 2015 WL 5541233 (E.D.N.Y. Sept. 18, 2015).   Therefore, the Court recommends

awarding Drabinsky costs in the amount of $74.54 for service of process.

## CONCLUSION

For the foregoing reasons, the Court recommends that Drabinsky's motion for default

judgment on the cross-claim against Gottlieb be granted to the extent discussed herein, and that

Drabinsky's judgment against Gottlieb provide that payment to Drabinsky by Gottlieb is

conditioned upon payment by Drabinsky to plaintiff of more than half of the judgment, or an

amount in full satisfaction of the judgment.   Further, the Court recommends that Drabinsky be

awarded $74.54 in costs.

Any objections to the recommendations contained herein must be filed with Judge Chen

on or before March 31, 2022.   Failure to file objections in a timely manner may waive a right

to appeal the District Court order.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72;

Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk of Court is requested to send a copy of this report and recommendation via

Federal Express to Myron Gottlieb at 3471 Ravenscliffe Rd., Huntsville, Ontario P1H 2J2.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**           March 14, 2022**

/s/  *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**